1  **MARTIN D. SINGER (BAR NO. 78166)**
   mdsinger@lavelysinger.com
2  **LYNDA B. GOLDMAN (BAR NO. 119765)**
3  lgoldman@lavelysinger.com
   **TODD S. EAGAN (BAR NO. 207426)**
4  teagan@lavelysinger.com
5  **LAVELY & SINGER**
   **PROFESSIONAL CORPORATION**
6  2049 Century Park East, Suite 2400
7  Los Angeles, California 90067-2906
   Telephone: (310) 556-3501
8  Facsimile: (310) 556-3615

10  Attorneys for Defendant JAMES EUGENE CARREY

12                 UNITED STATES DISTRICT COURT
13              FOR THE CENTRAL DISTRICT OF CALIFORNIA
14                         WESTERN DIVISION

| | |
|---|---|
| MARK BURTON, an individual, | CASE NO. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 AND 1441(B) (DIVERSITY)** |
| v. | |
| JAMES EUGENE CARREY, an individual (aka ARTHUR KING); and DOES 1 through 100, inclusive, | [Filed concurrently with Civil Case Cover Sheet and Certificate of Interested Parties] |
| Defendants. | |

NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant James Eugene Carrey ("Defendant" or "Carrey") hereby removes to this Court the state court action entitled <u>Mark Burton v. James Eugene Carrey</u>, Los Angeles Superior Court Case Number BC634315, pursuant to 28 U.S.C. § 1332 and 1441 on the following grounds.

## I. STATE COURT ACTION

1. On or about September 19, 2016, an action was commenced by Mark Burton ("Plaintiff" or "Burton") in the Superior Court of the State of California, County of Los Angeles, entitled <u>Mark Burton v. James Eugene Carrey</u>, Los Angeles Superior Court Case Number BC634315 (the "State Court Action"), where it is currently pending. A true and correct copy of the First Amended Complaint ("FAC") filed in the State Court Action is attached hereto as Exhibit "A."

2. <u>This Notice of Removal is Timely Filed</u>. The date upon which Defendant first received a copy of the FAC in the State Court Action for purposes of 28 U.S.C. § 1446(b)(1) was on September 22, 2016. This Notice of Removal is filed prior to service of the Summons and FAC in the State Court Action on Defendant, and within one year of the date on which the State Court Action was filed. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1332 (1999).

3. Exhibit "A" attached hereto constitutes all of the process, pleadings, and orders of the State Court Action which have been received by Defendant within the meaning of 28 U.S.C. § 1446. Defendant has not answered or otherwise responded to the Complaint or FAC in the State Court Action.

## II. DIVERSITY JURISDICTION

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action, between citizens of different states, and assuming, without admitting the truth of Plaintiff's allegations, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. <u>Plaintiff is a citizen of the State of Oregon.</u> Plaintiff Burton is a citizen and resident of the State of Oregon. Plaintiff alleges in the FAC attached hereto as Exhibit "A" that, Mark Burton "is an individual presently residing in Portland, Oregon." See Ex. "A," FAC, ¶1.

6. <u>Defendant is a citizen of the State of California.</u> Defendant Carrey is currently and was at the time of the commencement of the State Court Action, a citizen and resident of the State of California. Defendant is not now, nor has he ever been, a citizen of the State of Oregon.

7. <u>The amount in controversy exceeds $75,000, exclusive of interest and costs.</u> This is an action for Violation of the Drug Dealer Liability Act and Wrongful Death of Cathriona White. FAC, ¶¶38-52. California State law does not permit a demand for a specific sum in personal injury complaints. Cal. Civ. Proc. §425.10(b). Where as here, state law does not permit a specific demand in a Complaint, removal is appropriate and shall be upheld if the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. §1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996). The removing defendant can meet this burden by showing that the "facially apparent" allegations in the Complaint demonstrate the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) ("facially apparent" from Complaint amount satisfied due to allegations of property

damage, travel expenses, pain and suffering, etc.); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) ("facially apparent" from "lengthy list of compensatory and punitive damages" alleged by the Complaint). Where, as here, the State practice "either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," the Notice of Removal may assert that the amount in controversy exceeds the jurisdictional minimum of the Court. 28 U.S.C. §1446(c)(2)(A)(ii).

8. Here, it is "facially apparent" from the FAC that the damages sought by Plaintiff exceed the jurisdictional minimum of this Court. For instance, Plaintiff alleges pain and suffering, including mental and physical distress, exemplary damages and attorneys' fees "in an amount to be proven at trial" as a result of the death of Ms. White. (Ex. "A," FAC, ¶¶46-48, 52). *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *see also Cucci v. Edwards*, 510 F. Supp. 2d 479, 485 (C.D. Cal. 2007) ("The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages").

9. Accordingly, absent an affirmative representation by Plaintiff that he is not seeking damages in excess of $75,000, it is "facially apparent" from the Complaint in the State Court Action that Plaintiff seeks monetary recovery far in excess of the jurisdictional minimum of this Court.

### III. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

10. A Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed with the Superior Court of the State of California for the County of Los Angeles.

11. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

1  11. Written notice of the filing of this Notice of Removal will be given to
2  the adverse party as required by law.
3  12. For all the foregoing reasons, this Court has original jurisdiction under
4  28 U.S.C. §§ 1332 and 1441(b).
5  13. Should this Court have any questions regarding the proprietary of the
6  removal of the State Court Action to this Court, Defendant respectfully requests the
7  opportunity to present any additional facts (by written brief or oral presentation) in
8  support of the Court's exercise of diversity jurisdiction over this action.

Respectfully submitted,

Dated:  September 28, 2016

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
LYNDA B. GOLDMAN
TODD S. EAGAN

By: /s/Todd S. Eagan
        TODD S. EAGAN
Attorneys for JAMES EUGENE CARREY

5

**NOTICE OF REMOVAL**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2049 Century Park East, Suite 2400, Los Angeles, California 90067-2906.

On **September 28, 2016,** I served the foregoing document described as:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 AND 1441(B) (DIVERSITY)**

on the interested parties in this action by placing:

[X] **a true and correct copy** -OR- [ ] **the original document**

thereof enclosed in sealed envelopes addressed as follows:

Michael J. Avenatti, Esq.

Eagan Avenatti LLP

520 Newport Center Drive

Newport Beach, CA 92660


[ ]    BY MAIL:

    [ ]    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

    [ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]  BY OVERNIGHT DELIVERY:  I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

[ ]  VIA HAND DELIVERY:  I delivered said document by hand to the office of the addressee(s).

[ ]  I served the foregoing document(s) described by facsimile machine located at telephone number 310-556-3615, pursuant to Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.  The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error.  A copy of that report is attached to this declaration.

[X]  FEDERAL:  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed **September 28, 2016**, at Los Angeles, California.

_____
Lisa Carpenter