UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

Mark Burton,

    Plaintiff,

v.

James Eugene Carrey et al.,

    Defendants.

CV 16-7287-VAP (JPRx)

**ORDER GRANTING DEFENDANT'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES**

  Before the Court is Defendant James Carrey's ("Defendant") Notice of Motion and Motion to Withdraw Notice of Removal and Remand to State Court ("Motion"), which Defendant filed on October 11, 2016. (Doc. No. 7.) Plaintiff Mark Burton filed his opposition on October 24, 2016. (Doc. No. 9.) Defendant filed his reply on October 31, 2016. (Doc. No. 10.)

  After holding a hearing on the matter and considering the papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion and REMANDS this case to the Superior Court of the State of California for the County of Los Angeles.

## I. BACKGROUND

  On September 22, 2016, Plaintiff filed this suit in the Superior Court of the State of California for the County of Los Angeles, alleging claims for violations of the Drug Dealer Liability Act and wrongful death, stemming from the death of

1

Plaintiff's wife Cathriona White, who at the time of her death, was involved in a "on again, off again sexual relationship with [Defendant]." (Doc. No. 1-1.)

Although Defendant is a California citizen and Plaintiff filed this case in a California court, Defendant erroneously removed the case to this Court on September 28, 2016, alleging diversity grounds under 28 U.S.C. §§ 1332 and 1441. (Doc. No. 1-1 ¶¶ 1, 4; Doc. No. 1 at 2; Doc. No. 7 at 3.) After Plaintiff's and Defendant's counsel met and conferred, Defendant filed this Motion to remand the case to the Superior Court of the State of California for the County of Los Angeles.

In his opposition to the Motion, Plaintiff requested his attorneys' fees incurred in connection with the erroneous removal. (Doc. No. 9 at 2.)

## II.  MOTION TO REMAND

"A motion for remand lies where there is no diversity of citizenship, or the claim does not in fact 'arise under' federal law." Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-10; Int'l Primate Prot. League v. Adm'rs of Tulane Ed. Fund, 500 U.S. 72, 87 (1991). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)

A civil action otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The removal statute should be strictly construed against removal jurisdiction. See Pate v. Boston Scientific Corp., 2013 WL 5743499, at *5 (C.D. Cal.

Oct. 21, 2013). Further, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (quoting Gaus, 980 F.2d at 566).

Here, Defendant brought the motion for remand, and Plaintiff does not oppose it. (Doc. No. 7 at 3; Doc. No. 9 at 2.) Accordingly, the Court GRANTS the Motion and REMANDS this case to the Superior Court of the State of California for the County of Los Angeles.

### III. MOTION FOR ATTORNEYS' FEES

In Plaintiff's opposition, he asks the Court to order Defendant to pay Plaintiff's reasonable attorneys' fees incurred in connection with the improper removal of this action. (Doc. No. 9 at 2.)

#### A. An Attorneys' Fees Award is Not Appropriate

Under 28 U.S.C. section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of costs and fees is appropriate where the removing party lacks an objectively reasonable basis for removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066 (9th Cir. 2008). Removal is not objectively reasonable when relevant case law at the time clearly forecloses the removing party's asserted basis for removal. See Lussier, 518 F.3d at 1066 (citing Lott v. Pfizer, Inc., 492 F.3d 789, 794 (7th Cir. 2007)). A plaintiff need not demonstrate "bad faith" to justify an award of attorney's fees and costs, and courts have "wide discretion" in making an award under this provision. See Moore v. Permanente Med. Group , Inc., 981 F.2d 443, 447, 448 (9th Cir. 1992). Due to the fact that the award of fees is collateral to the

3

decision to remand, the District Court does not lose jurisdiction to award fees and costs after it remands a case. Id. at 445; Stallworth v. Greater Cleveland Regional Transit Authority, 105 F.3d 252 (6th Cir. 1997); Mints v. Educational Testing Service, 99 F.3d 1253 (3d Cir. 1996). There are some circumstances in which attorneys' fees or costs may be imposed even when the Court is without subject matter jurisdiction. Branson v. Nott, 62 F.3d 287 (9th Cir. 1995).

Plaintiff contends Defendant did not have an objectively reasonable basis for removal. (Doc. No. 9 at 2–3.) Title 28 U.S.C. § 1441(b)(2) unambiguously states a civil action otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, because Defendant is a citizen of California and was sued in a California court, the law at the time clearly foreclosed Defendant's asserted basis for removal, and accordingly, there was no objectively reasonable basis for removal. Defendant agrees there was no objectively reasonable basis for removal and admits removal "was made in error." (Doc. No. 7 at 3.)

Even though there was no objectively reasonable basis for removal, however, an attorneys' fees award is not appropriate because Defendant acted promptly to correct his error. On September 28, 2016, the same day Defendant's notice of removal was filed, Plaintiff emailed Defendant, stating the removal was improper. (Doc. No. 7-1 at 6.) Within 24 hours, Defendant responded to Plaintiff's email, agreeing the removal was improper and offering to stipulate to remand the case. (Id. at 9.) Defendant took it upon himself to draft a proposed stipulation and offered to file it with the Court at his own expense. (Id.) Plaintiff demanded attorneys' fees

incurred in connection with the notice of removal before he would stipulate to remand, however. (Id. at 15.) Thus, Defendant was forced to file this Motion to correct his prior misstep. Although Plaintiff is asking for only 2.8 hours in attorneys' fees, such an award is not appropriate given these facts. In short, as soon as Defendant realized his gaffe, he responded to Plaintiff within 24 hours, offered to stipulate to remand the case, drafted the proposed stipulation, and eventually filed this motion to remand the case. Given Defendant's prompt response to Plaintiff and his willingness to correct any issues created by the improper notice of removal, an attorneys' fee award is not warranted. Accordingly, the Court DENIES Plaintiff's motion for attorneys' fees.[1]

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion and DENIES Plaintiff's motion for attorneys' fees.

**IT IS SO ORDERED.**

Dated:   11/15/16

Virginia A. Phillips
Chief United States District Judge

---

[1] Defendant also requested an order requiring Plaintiff to pay sanctions to the Court for refusing, in bad faith, to stipulate to remand. (Doc. No. 7 at 4 n. 1.) As the Court finds Plaintiff's conduct did not rise to the level of bad faith, Defendant's request is denied.